United States District Court
Southern District of Indiana

| | |
|---|---|
| **Indiana Right to Life Victory Fund** and **Sarkes Tarzian, Inc.**, | Civ. No. 1:21-cv-2796-SEB-TAB |
| *Plaintiffs*, | |
| v. | |
| **Diego Morales**, in his official capacity as Secretary of State, **et al.**, | **Order Granting Plaintiffs' Motion for Preliminary Injunction** |
| *Defendants*. | |

## Order Granting Plaintiffs' Motion for Preliminary Injunction

Plaintiffs Indiana Right to Life Victory Fund ("**Victory Fund**") and Sarkes Tarzian, Inc. ("**Sarkes**") sought a preliminary injunction in this matter barring enforcement of IC §§ 3-9-2-4 and 3-9-2-5 by Defendants ("**Indiana**") (D. 6). The Court of Appeals now having considered the Indiana Supreme Court opinion issued on its certified question, vacated this Court's denial of the preliminary injunction, *Ind. Right to Life Victory Fund v. Morales*, 112 F.4th 466, 2024 U.S. App. LEXIS 19975 (7th Cir. 2024), and issued its mandate instructing this Court to enter a preliminary injunction consistent with the appellate court's opinion (D. 74); and this Court being duly advised, finds that a preliminary injunction should be entered as follows.

IT IS FOUND, consistent with the opinion of the Seventh Circuit Court of Appeals, that Victory Fund and Sarkes meet all the requirements for the issuance of a preliminary injunction in that:

(**A**) IC §§ 3-9-2-4 and 3-9-2-5 cannot, consistently with the First Amendment, be applied to independent-expenditure PACs or corporations wishing to contribute to them. A threat of enforcement is latent in these statutes' existence, resulting in a chilling effect, and the

1

resulting loss of First Amendment freedoms constitutes an irreparable injury for which there is no adequate remedy at law.

(**B**) Victory Fund and Sarkes are likely to succeed on the merits, as Indiana has conceded.

(**C**) IC §§ 3-9-2-4 and 3-9-2-5's limitation on political speech cannot survive First Amendment scrutiny because Indiana has conceded that it failed to show they advance a sufficiently compelling government interest. Nor can it make such a showing, because the only interest that can justify campaign finance restrictions is "the government's interest in preventing actual or apparent corruption" and the Supreme Court has "made it clear that [that interest] cannot be used to justify restrictions on independent expenditures." *Wis. Right to Life v. Barland*, 664 F.3d 139, 153 (7th Cir. 2011); *see also Citizens United v. FEC*, 558 U.S. 310, 357 (2010).

(**D**) "That conclusion resolves this case. Indiana's prohibition on corporate contributions to super PACs therefore cannot be upheld on corruption-prevention grounds because that interest does not extend to such independent expenditures. And because the defendants have offered no other justification, [Victory] Fund's success on the merits is all but a foregone conclusion." *Ind. Right to Life Victory Fund*, 2024 U.S. App. LEXIS 19975 at *9.

(**E**) The balance of harm favors the issuance of a preliminary injunction. Indiana has promised not to enforce IC §§ 3-9-2-4 and 3-9-2-5 against Victory Fund and Sarkes and would therefore suffer no discernable harm from an injunction prohibiting such enforcement and, because injunctions that preserve First Amendment rights always serve the public interest, the public interest will not be disserved by the granting of a preliminary injunction.

IT IS THEREFORE ORDERED that the following preliminary injunction is issued without bond:

Indiana is preliminarily enjoined from enforcing IC §§ 3-9-2-4 and 3-9-2-5 against corporate contributions made to Victory Fund for independent expenditures, including those by Sarkes.

**SO ORDERED** this ___1st___ day of ___October_____, 2024.

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution to counsel of record via CM/ECF

Service will be made electronically on all ECF-registered counsel of record via email generated by the court's ECF system